LLOYD A. FRY ROOFING COMPANY *v.* PUBLIC SERVICE COMMISSION.

1. CARRIERS—LEASED EQUIPMENT—MOTOR CARRIER ACT.
  Neither the lessor nor the lessee of motor vehicles nor the latter's driver who owned the truck and had leased it to lessor are carriers of passengers or property for hire over the highways subject to the valid provisions of the motor carrier act, where the property carried in the leased equipment was the lessee's own merchandise (CL 1948, § 475.1 *et seq.*).

2. COSTS—PUBLIC QUESTION—MOTOR CARRIER ACT—LEASED EQUIPMENT.
  No costs are allowed in suits to restrain the public service commission from subjecting the drivers and lessee of leased motor vehicle equipment which carried lessee's own merchandise to provisions of the motor carrier act, a public question being involved (CL 1948, § 475.1 *et seq.*).

Appeal from Wayne; Brennan (John V.), J. Submitted June 11, 1953. (Docket No. 6, Calendar No. 45,466.) Decided December 29, 1953.

REFERENCES FOR POINTS IN HEADNOTES
[1] 9 Am Jur, Carriers §§ 17, 31.
[2] 14 Am Jur, Costs § 91.

Bill by Lloyd A. Fry Roofing Company, a Delaware corporation, against Michigan Public Service Commission and its members, to restrain enforcement of contract carrier provisions of motor carrier act against leased motor vehicle equipment. Bill dismissed. Plaintiff appeals.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted June 11, 1953. (Docket No. 7, Calendar No. 45,646.) Decided December 29, 1953.

Bill by Lloyd A. Fry Roofing Company, a Delaware corporation, and Windsor Davidson against Michigan Public Service Commission and its members, to restrain enforcement of contract carrier provisions of motor carrier act against leased motor vehicle equipment. U. S. Truck Company, Inc., and Consolidated Freight Company intervened. Bill dismissed as to plaintiff company during hearing. Commission's order impounding truck vacated, but other relief denied plaintiff Davidson. Plaintiffs appeal.

Cases consolidated. Reversed and decrees ordered entered in Supreme Court.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara, Charles M. A. Martin,* and *Robert Derengoski,* Assistants Attorney General, for defendants.

BUSHNELL, J. In 1 of these 2 cases, namely that from Ingham county, plaintiffs Lloyd A. Fry Roofing Company, a Delaware corporation, and Windsor Davidson have appealed from a decree granting defendant Michigan Public Service Commission's mo-

tion to dismiss their bill of complaint. In that suit plaintiffs sought to restrain the commission from proceeding against or interfering with their right to haul Fry's merchandise in leased motor vehicle equipment. Plaintiffs sought a decree declaring certain portions of the motor carrier act (CL 1948, § 475.1 *et seq.* [Stat Ann 1951 Cum Supp § 22.531 *et seq.*]) unconstitutional, and that an impounding order issued by the commission be set aside and held for naught and that certain property seized thereunder be returned to Fry.

In the other case plaintiff Fry filed a bill of complaint against the commission in Wayne county, in which a similar restraining order was sought, and a determination that the policies adopted by the defendants in finding that plaintiff is subject to the rules and regulations of the commission and must obtain a license and permit to haul its own merchandise to its customers within the State, is contrary to statute law and in violation of the constitutional rights of the plaintiff.

In the Wayne case, on an order to show cause why a restraining order should not issue, the commission entered a special appearance and moved to dismiss. That court held plaintiff was not a contract carrier of property within the statutory definition set forth in the motor carrier act, and that the proceedings should be dismissed. In the Ingham case the court held that Davidson was a contract carrier, and that since Fry was not a party to the cause before the commission, it had no authority to appeal from the commission's order. Fry's motion to vacate the order was denied. The commission's impounding order of May 15, 1950, was vacated and set aside. The constitutional question respecting the 1945 amendment to the act was discussed but not decided because of the holding that Davidson was a contract carrier for hire.

Fry has 19 roofing material manufacturing plants throughout the country and operates in 48 states. It sells and distributes its products within this State and makes its deliveries exclusively in leased motor truck equipment. Windsor Davidson, a plaintiff in the Ingham case but not in the Wayne case, is the owner of a tractor involved in this litigation. He leased his tractor to John (Jack) M. Stivason, not a party hereto, and Fry in turn leased from Stivason a number of tractors, motor equipment and trailers, including the one in question. Davidson, employed by Fry as a driver, devotes his entire time to that work and is paid at the same rate paid other employees similarly engaged.

Prior to the commencement of this litigation the defendant commission, through its enforcement officers, apprehended a number of the driver-employees of Fry at various points throughout the State to whom they issued violation tickets because of Fry's refusal and that of his drivers to make application to and obtain a permit from the commission. Thus by issuance of violation tickets and the seizure of property and equipment they sought to prevent Fry from using leased equipment upon the highways of the State. In justification of this course of action, the commission classified Davidson and other employee-drivers as "contract motor carriers of property."

We need not labor all of the questions which arose out of the determination of the Wayne and Ingham circuit courts, or discuss the authorities cited by the parties, because our recent decision in the case of *People* v. *Hertz Driveurself Stations, Inc., ante,* 139, controls the instant case.

In the *Hertz Case* a motor vehicle registered in its name was leased to Associated Fruit & Produce Company of Flint. This vehicle was operated over the highways of the State under the complete domi-

nation and control of the lessee, except that it was maintained, insured and serviced by Hertz in its own garage. The driver was employed and paid by the lessee and had no relationship with Hertz. He received all of his instructions from the lessee and the property transported was a part of the lessee's commercial enterprise in dealing in fruits and vegetables. We held that Hertz did not operate a motor vehicle for the transportation of persons or property for hire on a public highway, but merely leased its equipment to another. We there pointed out that the title to the motor carrier act, as enacted in 1933, has not thereafter been changed. That title reads in part:

"An act to promote safety upon and conserve the use of the public highways of the State; to provide for the supervision, regulation and control of the use of such highways by all motor vehicles operated by carriers of passengers and property for hire upon or over such highways."

In the instant cases neither the lessor nor lessee or its drivers are carriers of passengers or property for hire over the highway. Their operation not coming within the contemplation of the act, the requirement of the commission that applications be made to it and permits for such operations issued by it, is a nullity. No authority exists under the act for the seizure of motor vehicles so used.

The decrees of the Wayne and Ingham circuit courts are vacated and ones may be entered here in conformity with this opinion. A public question being involved, no costs will be allowed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.